**E-FILED**
Tuesday, 11 October, 2005  02:36:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CARTER,
     Plaintiff,

vs.                                      05-1221

ERIKA HOWARD, et. al.,
     Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro plaintiff participated in the merit review by telephone conference call.

The plaintiff, William Carter, has filed his lawsuit pursuant to 42 U.S.C. §1983 against three named defendants including Adjustment Committee Members Erika Howard and Clifford Vela, and Internal Affairs Investigator Corey Wilson. The plaintiff does not state whether he intends to sue these defendants in their official and/or individual capacities.

The plaintiff's complaint includes facts and information that do not clearly relate to the named defendants. During the hearing, the plaintiff was asked to clarify his claims. The plaintiff stated that due to staff misconduct, he decided to go on a hunger strike from December 2, 2005 to December 7, 2005. The plaintiff says Pontiac Correctional Center did not document his hunger strike.

Instead, the plaintiff says Defendant Corey Wilson wrote a "bogus" disciplinary ticket against him claiming that he gave false information to an employee. The ticket was based on a letter Wilson stated that the plaintiff sent to the office of inmate issues. The letter stated that the plaintiff was on a hunger strike, but staff refused to document it. The letter also accused officers of striking the plaintiff. During the hearing, the plaintiff stated that he did not write this letter and did not intend to pursue excessive force claims in this case based on allegations of staff misconduct.

The plaintiff says he was found guilty of providing false information to an employee, even though the letter was never produced as evidence. The plaintiff lost three months of good time credits, audio/visual privileges, commissary privileges and received three months of segregation. However, the plaintiff says his good time credits were reinstated.

The plaintiff first alleges that the defendants violated his due process rights. The plaintiff says he was found guilty even though he did not write the letter and no letter was ever produced as evidence. The plaintiff further states he did not ultimately lose any good time credits. The plaintiff has alleged a violation of his due process rights.

The plaintiff has also stated that the defendants wrote the disciplinary ticket and found him guilty without supporting evidence in retaliation for his previous complaints and grievances concerning staff conduct.  The court finds that the plaintiff has stated a violation of his First Amendment rights.

The plaintiff claims that the defendants violated his Eighth Amendment rights.  However, the plaintiff has failed to articulate any violation in his complaint.   The fact that the plaintiff spent time in segregation is not a violation of the Eighth Amendment.  In addition, during the merit review hearing, the plaintiff stated that he was not stating a claim of battery against any officer.  If the plaintiff did intend to state an excessive force claim, he will need to file an amended complaint which restates all of his claims against each defendant.  The amended complaint must stand complete on its own without reference to the pleading it replaces.  In addition, if the plaintiff intends to add any new defendants, he must provide a copy of the complaint and service forms for the new defendants.

For clarification of the record, the court finds that the plaintiff has failed to state any official capacity claims.   Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  The Eleventh Amendment bars suit for damages against defendants insofar as they are sued in their official capacities.  Therefore, all claims are against the defendants in their individual capacities only.

**IT IS THEREFORE ORDERED that:**

**1)   The court finds that the plaintiff has adequately alleged that the defendants violated his due process rights and retaliated against him for past complaints and grievances concerning staff conduct.  The plaintiff alleges that Defendant Wilson knowingly wrote a false disciplinary ticket and Defendants Howard and Vela knowingly found him guilty of the false ticket. The claim is against the defendants in their individual capacities only.**

**2) All other claims are dismissed against the defendants for failure to state a claim upon which relief can be granted.**

**3) This case is referred to the Magistrate Judge for consideration of the motion to proceed in forma pauperis.**

Entered this 11th day of October, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE