UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CARTER,
    Plaintiff,

vs.                                                                05-1221

ERIKA HOWARD,  et al.,
    Defendants.

ORDER

    This cause is before the court for consideration of various pending motions including: the plaintiff's motions for default judgement [d/e 12, 15]; the plaintiff's motions for summary judgment [d/e 8, 10]; and the defendants' motions for summary judgement. [d/e 21, 26].

    The plaintiff has filed two motions for default judgement. [d/e 12, 15].  The plaintiff is apparently arguing that the defendants did not file timely responses to his motions for summary judgement and therefore his motions should be granted.  The motions are denied.  The defendants did file timely responses.

I. BACKGROUND

    The pro se plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center.   The plaintiff is suing three defendants including Adjustment Committee Members Erika Howard and Clifford Vela, and Internal Affairs Investigator Corey Wilson.  On October 11, 2005 the court conducted a merit review of the plaintiff's complaint and found that he had stated claims that the defendants had violated his due process rights and retaliated against him for past complaints and grievances. *See*  October 11, 2005 Order. The claims are against the defendants in their individual capacities only.

    The following facts are taken from the parties motions for summary judgement: Defendant Corey Wilson is an investigator with Internal Affairs for the Illinois Department of Corrections.  On December 24, 2003, Defendant Wilson wrote a disciplinary report against the plaintiff accusing him of giving false information to an employee.  The report was based on a letter sent to the Office of Inmate Issues on December 10, 2003.

    The defendant has provided a copy of the letter dated December 2, 2003.  The letter purports to be signed by the plaintiff.   The letter state that the plaintiff is on a hunger strike, and that officials have refused to document it.  He accuses Officer Wilson of punching him in the chest.  He also accuses a female paralegal of slapping him around and refusing to document his hunger strike.

    The December 24, 2003 disciplinary ticket states that Defendant Wilson reviewed the plaintiff's medical file which did not corroborate the plaintiff's claim that he was on a hunger strike.  Wilson claims he was not aware of any of the plaintiff's other grievances or complaints at

the time he wrote the disciplinary ticket.

Defendants Erika Howard and Clifford Vela are both correctional officers at Pontiac Correctional Center and also serve as members of the Adjustment Committee.  Both were on the Adjustment Committee on December 31, 2003 which considered the disciplinary ticket against the plaintiff.  The defendants have provided a copy of the Final Summary Report.

The committee read the investigative report to the plaintiff, and the plaintiff said he was not guilty.  The plaintiff told the committee that he thought the charges were "frivolous." He said he had been on a hunger strike from December 2, 2003 to December 7, 2003.

The report states that a review of the plaintiff's medical file did not corroborate his claim that he was on a hunger strike.  Officer Howard also contacted the housing unit where the plaintiff was assigned during his claimed hunger strike.  The command officer reported that the plaintiff never claimed to be on a hunger strike and there was no documentation of refused food trays.

In addition, the investigation showed that the plaintiff summoned the female paralegal to his cell, and when she arrived, she stated that the plaintiff was naked and masturbating.  A disciplinary ticket was written and the plaintiff was found guilty.  The committee found that the plaintiff's allegations that he has been abused by this paralegal was without merit.  There was no evidence to corroborate any of the plaintiff's claims. He was found guilty of giving false information to an employee.

The plaintiff initially lost three months of good time credits in addition to three months of segregation, loss of commissary and audio/visual privileges.  However, the good time credits were restored.

## II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56©).  A "material fact" is one that "might affect the outcome of the suit."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

III. ANALYSIS

The defendants argue that the plaintiff has failed to demonstrate that the defendants violated his due process rights.  "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself."  DeWalt v. Young, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted).  The plaintiff does have a constitutionally protected interest in the good time credits he has earned.  Whitlock v. Johnson, 153 F.3d 380, 385 (7th cir. 1988).  However, the plaintiff admits he did not lose good time credits.  Additionally, disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472 (1995); Wagner v. Hanks, 128 F.3d 1173, 1176 (7th Cir. 1997).  The plaintiff has not demonstrated that any of the discipline imposed deprived him of a protected liberty or property interest. See also Whitford v. Boglino, 63 F.3d 527, 533 n. 7 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights.); Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998)(Loss of commissary privilege does not affect a liberty or property interest); Tullis v. DeTella 1999 WL 90650 at 4 (N.D. Ill 1999) (loss of audio-visual privileges is not an atypical and signification deprivation).

The court also notes, that even if the plaintiff had established some protected liberty or property interest, the defendants still provided him with the due process required by the Constitution set forth in Wolff v. McDonnell, 418 U.S. 539 (1974).  The minimum requirements of procedural due process are satisfied in the prison disciplinary context when the prisoner is provided with advance written notice in order to inform the prisoner of the charges and to enable the prisoner to marshal the facts and prepare a defense. There must also be at least a brief period of time after receiving notice of the charge, no less than 24 hours, so that the prisoner can prepare for his or her appearance at the disciplinary hearing. The prisoner is entitled to be heard before an impartial decision maker and  must have the opportunity to call witnesses and present documentary evidence, if consistent with the prison's safety and correctional goals. Finally, there must be a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action. Wolff, 418 U.S. at 594.  The plaintiff's own exhibits verify that he did receive these procedural safeguards. See Plain Mot, January 19, 2004 Grievance Report.

The plaintiff continues to ask the court to review the evidence that was presented at the hearing.  However, once the procedural protections are satisfied, "'the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by 'some facts.'" McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999), quoting Hanrahan, 747 F.2d at 1139-40.  Courts "'are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence . . ."  McPherson, 188 F.3d at 786, quoting Super. Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).  The decision of the Adjustment Committee was clearly supported by the facts before it.

The defendants also argue that the plaintiff has failed to demonstrate that the disciplinary ticket was written in retaliation for past grievances and complaints.  To succeed on a retaliation claim, the plaintiff must "establish that his protected conduct was a motivating factor behind [the defendants' actions], but that should not end the inquiry.  Because the ultimate question is

whether events would have transpired differently absent the retaliatory motive . . ." <u>Babcock v. White,</u> 102 F.3d 267, 275 (7th Cir. 1996).  If the same action would have occurred regardless of the retaliatory motive, the claim fails.  *See* <u>Spiegla v. Hull,</u> 371 F.3d 928, 942 (7th Cir. 2004).

The plaintiff has presented no evidence that Defendants Howard or Vela were involved or even aware of any prior grievances or complaints by the plaintiff.  It is obvious that Defendant Wilson knew about the plaintiff's claim that Wilson had struck the plaintiff in the chest.  However, there is no evidence that this was the motivating factor for the disciplinary report.  The plaintiff's letter makes several other claims.  Each was investigated and there was no evidence to corroborate any of the plaintiff's claims.   The facts before the court show the plaintiff was disciplined based on the evidence before the Adjustment Committee.

The court notes that the plaintiff's motion for summary judgement also addresses some claims that are not before this court, such as a violation of his Eighth Amendment rights.  The court will therefore not consider this claim.  In addition, while the plaintiff makes various allegations in his motion for summary judgement, he has not presented exhibits or other evidence to support his claims.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for default judgement are denied. [d/e 12, 15]**

**2) The plaintiff's motions for summary judgement are denied. [d/e 8, 10]**

**3) The defendants' motions for summary judgement are granted  pursuant to Fed. R. Civ. P. 56. [d/e 21, 26]  The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**4) The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**5) The plaintiff is responsible for ensuring the $250.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5)  The clerk is directed to mail a copy of this order to the plaintiff's place of**

**confinement, to the attention of the Trust Fund Office.**

Enter this 8th day of February, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE